JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Madison County charged the appellant, Mack A. Golden, with first degree murder of James Ricketts, by shooting him with a pistol. Appellant entered pleas of not guilty, and not guilty by reason of insanity. The jury found the appellant guilty as charged and fixed punishment at imprisonment for life. The trial court entered judgment in accordance with the verdict.
Appellant was at all proceedings in the trial court represented by counsel and is here represented by the same counsel appointed by the court. This appeal was submitted to this Court on briefs.
The State’s evidence tended to prove the following: that the deceased, Mr. James Ricketts, was 82 years of age, in good health, mentally alert, and on October 2, 1975 resided at 901 Maysville Road in the City of Huntsville, Madison County, where he had lived for about fifty years; that one Troy Henson had recently painted the house in which deceased lived, and had observed *597 that deceased kept a roll of money in a closet in the kitchen of his house.
State’s evidence further tended to prove that on the night of October 2, 1975 Troy Henson, Kenneth Melvin Rice- and the appellant were together, and decided to go to the house of the deceased and get the money; that Rice and the appellant went in the house of the deceased, visited with him for awhile, and used a 38 pistol of the deceased with which to rob him; that during the robbery the deceased was shot and as a result of the shooting he had three wounds on his body, one in the abdomen, one in his upper chest, and one in his left hand; that as a result of the shooting the deceased died about thirty hours later; that the money was not found; that Mr. Ricketts’ pistol was taken by the appellant.
State’s evidence further tended to show that several months after the shooting of Mr. Ricketts the law enforcement officers recovered the 38 pistol, and the appellant was arrested; that appellant, after being informed of all his constitutional rights, voluntarily made a confession, stating his involvement in the shooting of deceased, that the shooting was an accident due to the fact that while the appellant was holding the pistol on the deceased, the deceased grabbed the pistol, and during the ensuing struggle over the possession of the pistol it went off and accidentally wounded the deceased, that after the struggle the appellant thought of having to go to prison and just shot the deceased again.
Appellant’s confession was admitted as evidence after a full hearing out of the hearing of the jury, and a determination by the trial judge based on sufficient evidence that the appellant was intelligent enough to know, and did know, the contents of the confession. Appellant was given his constitutional rights before he made the confession; that he could read and write, and he voluntarily signed his name to each page of the confession; that no threats, promises, offers of reward or other inducements were made to him by the officers at any time before or during the time he gave and signed the confession.
The appellant, on his behalf, offered evidence that he remembered nothing of the facts surrounding the shooting of the deceased.
In support of his plea of insanity, appellant submitted testimony of his mother, stepmother, father, and Dr. Goodson, Clinical Director, Madison County Mental Hospital Center, and the medical record of appellant’s stay in the Huntsville Hospital.
In rebuttal the State offered testimony of an acquaintance of appellant, and testimony of two police officers, two probation officers, and Dr. John C. McMillian, Psychologist, that appellant was not insane at the time of the shooting of the deceased.
There being a conflict in the evidence, we hold that under the pleas of not guilty, and not guilty by reason of insanity, the trial court properly refused to give the general charge requested by appellant, and after fully charging the jury on the law raised by the evidence and pleas, submitted both issues to the jury for its determination, and that the jury verdict of guilty as charged is fully supported by the evidence. Cooper v. State, 277 Ala. 200, 168 So.2d 231; Divine v. State, 285 Ala. 488, 234 So.2d 28.
Appellant in his brief claims that his plea of insanity was prejudiced by remarks of the trial judge. In the record before us we find the following:
“(Whereupon, Mr. Sullins continued to address the jury in closing statement; at which time, the following occurred:)
“MR. HOOPER: I object to this; because he is getting in areas and quoting the law that is not the law, he is quoting law to the jury that’s—
“MR. SULLINS: I am not quoting the law to the jury.
“THE COURT: You have told the jury what the Court will do in one situation and if you continue your argument, I will tell them what I will do.
“MR. SULLINS: All right.
“THE COURT: And based upon what you have already told them I probably should, anyway, because under the evidence as the Court understands it in the *598 case, the testimony is that the Defendant is presently sane and based upon that testimony the Court would — the Defendant would be free.
“MR. DAVIS: Your Honor, if we might interject here, I don’t believe the evidence clearly shows he is sane. I think some layman testified he is sane.
“THE COURT: What are you telling the jury is that what the Court is going to do and that is not exactly the case.
“MR. DAVIS: I believe the evidence shows the only psychiatrist here says it warrants further consideration. We object to the Court’s remarks.
“MR. SULLINS: Be that as it may.
“THE COURT: I will take it and conduct an enquiry based upon that which is presented here in this Courtroom, see? Now, if you are trying to give the jury some other impression of what this Court will do, then, I will inform you of that, because that is what will happen.”
The above quotation is a conversation between the trial judge and counsel who represented the appellant. It does not appear from the record before us that the remarks of the trial judge to appellant’s counsel were made in the hearing of the jury. There is no ruling of the trial court presented to this Court for its consideration. Nichols v. State, 267 Ala. 217, 100 So.2d 750.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.